KNUT S. JOHNSON (CSB 125725)
LAW OFFICE OF KNUT S. JOHNSON
655 West Broadway, Suite 900
San Diego, California 92101
(619) 232-7080 (Phone)
knut@knutjohnson.com

ASHLEY VASQUEZ (CSB 32588)
901 H Street, Suite 504
Sacramento, California 95814
(916)347-0822
Ashley@AshleyVasquezLaw.com

Attorneys for WILLIAM SYLVESTER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM SYLVESTER (3),<br><br>　　　　Defendant. | CASE NO. 2:19-CR-00107-KJM<br><br>MEMORANDUM IN SUPPORT OF PART OF MR. SYLVESTER'S MOTION UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 29<br><br>April 8, 2024<br>1:00 p.m<br>Courtroom 1 |

**I.    MR. SYLVESTER'S MOTION**

When the government rested, Mr. Sylvester made and submitted a motion under the Federal Rules of Criminal Procedure, Rule 29(a) as to all counts and all elements. He renewed that motion as to all counts and elements and here focuses only on Count 10, but does not exclude or waive any other argument about any other count or element even if submitted without argument.

In short, the government tried to prove the substance seized that is related to Count 10 is a controlled substance by introducing an unnamed "presumptive" test. The

government did not introduce any evidence on the reliability or proper use of that test. And the government never laid a foundation for the test or showed that the witness had any expertise. And then, worse yet, they lost the seized substance and never sent it to the DEA for analysis. This Court should grant this motion as to Count 10.

## II. ARGUMENT
### A. Rule 29

Rule 29(a) provides as follows:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Here Mr. Sylvester files this memorandum to assist this Court only as to this narrow issue for Count 10 and raises and submits his motion as to all other counts and elements.

### 1. The government provided insufficient evidence to sustain a conviction for Count 10

Count 10 charges Mr. Sylvester and Yandell with knowingly and intentionally distributing a substance containing a detectable amount of methamphetamine, in violation of 21 USC § 841(a)(1) and 18 USC § 2, on August 11, 2016. But the government failed to prove the substance contained a detectable amount of methamphetamine.

To prove Count 10, on March 7, 2024, the government called Officer Mario Cervantes about the August 11, 2016, event. He testified he "was advised that they had found 20 grams of a substance that later tested presumptive positive for methamphetamine." Then, over a defense objection of "lack of foundation" and "lack of expertise," Agent Scott Givens testified that he performed a presumptive test, but he did

not know whether the substance was sent to the DEA for a "liquid chromatography test." He did not name the presumptive test[1] and he also testified that the test he made created a presumption but did not "conclusively establish that the substance is or is not a certain contraband." He did not know where the substance is now, did not testify about the reliability, calibration, or proper use of the unnamed presumptive test, and gave no details about the unnamed test at all. He did say he was "certified" and had trained for the unnamed test, but never explained what that meant or how accurate the test is. In short, he never established any expertise and never laid any foundation for the use or admissibility of the unnamed test.

Later, the government called DEA chemists to identify *other* substances. They all testified that they could not testify that a substance was a particular narcotic based on a presumptive test (or they were not asked that question). And at least one testified that substances brought to the laboratory sometimes "turn out not to be controlled substances." There was no testimony that presumptive tests (much less the unnamed presumptive test used here) are reliable, calibrated correctly, used correctly, or that anyone with experience or training to identify methamphetamine believed the substance here was methamphetamine. Or that the testifying agent had some expertise.

The Supreme Court has held that the Due Process Clause is violated by an "evidentiary presumptions in a jury charge" that effectively relieves the prosecution of

---

[1] The government referred to it as a "Nic" test, but the witness never confirmed that was the correct name of the test. In any event, counsel for Mr. Sylvester has not found any reference to such a test for the analysis of a substance for narcotics. But there appears to be a "NICDetect" test available that tests for nicotine. See, e.g. https://drugtestsinbulk.com/nic-detect-single-panel-nicotine-saliva-test.html (last viewed 4/6/2024 at 10:49 a.m.). Which, of course, have been used to analyze the tobacco seized at the same time.

its burden to prove every essential element of a crime. *Francis v. Franklin*, 471 U.S. 307, 33 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 520-24 (1979). And here, the presumption, while not instructional, is all the government presented to support its burden to prove beyond a reasonable doubt the substance in Count 10 is methamphetamine. And by relying on that information to meet their burden, they have failed.

California law, while not directly on point shows that more than just a presumptive test is needed to prove the type of substance. For instance, in California a breath test may be admissible to prove blood alcohol content in a DUI case if the prosecution shows: (1) the instrument or test was reliable; (2) the test was properly administered, and; (3) the operator was competent. *People v. Adams*, 59. Cal. App. 3d 559, 567 (1976); *People v. Williams*, 28 Cal. 4th 408, 414-416 (2002).

But here there is no evidence that the unnamed test was reliable or properly administered or that the tester knew what he was doing. And the government provided no discovery on that point. And so, again, by relying on that information to meet their burden, they have failed in their burden. And by allowing this count to go to the jury, Mr. Sylvester's right to proof beyond a reasonable doubt of every element in every count under *In re Winship*, 397 US 358 (1970), will have been lost.

### III.   CONCLUSION

The government failed to prove that the substance contained a detectable amount of methamphetamine and this Court should grant Mr. Sylvester's motion under Rule 29.

Dated: February 15, 2024

Respectfully submitted,
*/s/ Knut S. Johnson*
Knut S. Johnson
*/s/ Ashley Vasquez*
Ashley Vasquez
*Attorneys for William Sylvester*

- 4 -

- 2:19-CR-00107-KJM